ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRAVIS DARDAR, et al., )<br>*Petitioners,* )<br> )<br>v.   )<br> )<br>FEDERAL ENERGY REGULATORY )<br>COMMISSION )<br>*Respondents*. )<br> ) | Nos. 24-1291 (L)<br>24-1292 (consolidated) |

## PETITIONERS' CONSOLIDATED NON-BINDING STATEMENT OF ISSUES TO BE RAISED

Pursuant to Circuit Rule 15 and this Court's Orders of September 6, 2024, Petitioners Travis Dardar, Nicole Dardar, Kent Duhon, Mary Alice Nash, Jerryd Tassin, Anthony Theriot, For a Better Bayou, Fishermen Involved in Sustaining Our Heritage, Natural Resources Defense Council, and Petitioners Louisiana Bucket Brigade, Healthy Gulf, Sierra Club, Texas Campaign for the Environment, and Turtle Island Restoration Network (collectively, "Petitioners") submit this consolidated non-binding, preliminary Statement of Issues to be Raised. The issues raised by this challenge may include, but are not limited to:

1. Whether the Federal Energy Regulatory Commission's ("FERC") authorization of the Project, and all other authorizations predicated thereon, were not based on substantial evidence, and violated the Natural

1

    Gas Act and Administrative Procedure Act, including where FERC erroneously determined market need for the project, failed to articulate any public benefits of the project, and failed to conduct meaningful balancing of the alleged benefits and the adverse impacts of the Project, and were otherwise contrary to law.

2. Whether FERC's denial of Fishermen Involved in Sustaining Our Heritage's motion to intervene was arbitrary, capricious, and contrary to law.

3. Whether FERC violated the Natural Gas Act and Administrative Procedure Act by authorizing the CP Express Pipeline, an export-only pipeline with near 100% of its gas destined for final use and consumption overseas, as a pipeline with capacity in interstate commerce under Section 7 of the Natural Gas Act rather than a pipeline carrying gas destined for foreign commerce under Section 3 of the Natural Gas Act.[1]

4. Whether FERC violated the Natural Gas Act and Administrative Procedure Act by finding the CP2 LNG project consistent with the public interest under Section 3 of the Natural Gas Act, given FERC's failure to articulate or apply a coherent standard in making the determination.

---

[1] Petitioners in case 24-1292 (Louisiana Bucket Brigade, Healthy Gulf, Sierra Club, Texas Campaign for the Environment, and Turtle Island Restoration Network) do not plan to join this claim.

5. Whether FERC violated National Environmental Policy Act ("NEPA") by adopting an unlawfully narrow statement of purpose and need.

6. Whether FERC violated NEPA by failing to take a hard look at greenhouse gas emissions, impacts on commercial fishing, impacts of extreme weather, individual and cumulative impacts of air pollution, carbon capture and sequestration, impacts on the critically endangered Rice's whale, or impacts on wetlands.

7. Whether FERC violated the Natural Gas Act, NEPA, and its own regulations by refusing to determine whether greenhouse gas emissions would be significant or insignificant.

8. Whether FERC violated the Endangered Species Act in concluding that the CP2 LNG project is "not likely to adversely affect" the critically endangered Rice's whale, and by failing to conduct formal Section 7 consultation and make a determination on whether the project would jeopardize the continued existence of the species.

This is a preliminary listing of issues that Petitioners may raise. Petitioners reserve their right to modify the list of issues addressed, as well as to address these and other issues in more detail in future pleadings.

Respectfully submitted on September 11, 2024.

| /s/ Spencer Gall | /s/ Megan C. Gibson |
|---|---|
| Spencer Gall | Megan C. Gibson |
| Deirdre Dlugoleski | Southern Environmental Law Center |
| Southern Environmental Law Center | 122 C Street NW, Suite 325 |
| 120 Garrett Street, Suite 400 | Washington, DC 20001 |
| Charlottesville, Virginia 22902 | (202) 828-8382 |
| (434) 977-4090 | mgibson@selcdc.org |
| sgall@selcva.org | |

*Counsel for Travis Dardar, Nicole Dardar, Kent Duhon, Mary Alice Nash, Jerryd Tassin, Anthony Theriot, For a Better Bayou, and Fishermen Involved in Sustaining Our Heritage*

/s/ Caroline Reiser
Caroline Reiser
Morgan Johnson
Thomas Zimpleman
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington DC, 20005
(202) 717-8341
creiser@nrdc.org

*Counsel for Natural Resources Defense Council*

| /s/ Nathan Matthews | /s/ Rebecca McCreary |
|---|---|
| Nathan Matthews | Rebecca McCreary |
| Sierra Club | Sierra Club |
| 2101 Webster Street, Suite 1300 | 1650 38th Street, Suite 103W |
| Oakland, CA 94612 | Boulder, CO 80301 |
| (415) 977-5695 | (305) 449-5595 ext. 103 |
| nathan.matthews@sierraclub.org | rebecca.mccreary@sierraclub.org |

*Counsel for Louisiana Bucket Brigade, Healthy Gulf, Sierra Club, Texas Campaign for the Environment, and Turtle Island Restoration Network*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2024, I have served the foregoing Certificate as to Parties, Rulings, and Related Cases on all registered counsel through the court's electronic filing system (CM/ECF).

/s/ *Megan C. Gibson*
Megan C. Gibson
Southern Environmental Law Center
122 C Street NW, Suite 325
Washington, DC 20001
(202) 849-5953
mgibson@selcdc.org