UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRAVIS DARDAR et al., <br><br> Petitioners, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent. | Case No. 24-1291 |
| LOUISIANA BUCKET BRIGADE et al., <br><br> Petitioners, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent. | Case No. 24-1292 |

**MOTION TO INTERVENE OF VENTURE GLOBAL
CP2 LNG, LLC AND VENTURE GLOBAL CP EXPRESS, LLC**

Pursuant to Federal Rule of Appellate Procedure 15(d) and D.C. Circuit Rule 15(b), Venture Global CP2 LNG, LLC ("CP2 LNG") and Venture Global CP Express, LLC ("CP Express")[1] hereby respectfully move for leave to intervene in

---

[1] A corporate disclosure statement for CP2 LNG and CP Express is attached as Appendix A.

support of Respondent Federal Energy Regulatory Commission ("FERC" or the "Commission") in the above-captioned proceedings. In support of this motion, CP2 LNG and CP Express state as follows:

1.  On September 4, 2024, Petitioners Travis Dardar et al. filed a petition for review in Case No. 24-1291 seeking review of the following FERC orders: Order Granting Authorizations Under Sections 3 and 7 of the Natural Gas Act, *Venture Global CP2 LNG, LLC*, Docket Nos. CP22-21-000 & CP22-22-000, 187 FERC ¶ 61,199 (June 27, 2024) ("Authorization Order"); and Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, *Venture Global CP2 LNG, LLC*, Docket Nos. CP22-21-001 & CP22-22-001, 188 FERC ¶ 62,109 (Aug. 29, 2024) ("Rehearing Denial Notice").

2.  On September 4, 2024, Petitioners Louisiana Bucket Brigade et al. also filed a petition for review in Case No. 24-1292 seeking review of the Authorization Order. The Court consolidated Case No. 24-1292 with Case No. 24-1291 on September 6, 2024.

3.  These proceedings concern the development of a new, multi-billion-dollar liquefied natural gas ("LNG") export terminal in Cameron Parish, Louisiana (the "CP2 LNG Project"), and a related pipeline project (the "CP Express Project" and, with the CP2 LNG Project, the "Projects").

4. The CP2 LNG Project will have a nameplate liquefaction and export capacity of approximately 20 million metric tons per annum ("MTPA") and a peak achievable capacity of approximately 28 MTPA. The U.S. Department of Energy has authorized CP2 LNG to export up to approximately 28 MTPA of natural gas in the form of LNG to nations with which the U.S. has a free trade agreement requiring national treatment for trade in natural gas. CP2 LNG has already secured binding 20-year offtake sales agreements for 9.25 MTPA and recently agreed on terms to sell up to an additional 2 MTPA.

5. The CP Express Project is designed to transport feed gas from the existing natural gas pipeline grid in east Texas and southwest Louisiana to the CP2 LNG Project, and will allow CP Express to provide up to 4,400,000 dekatherms per day of firm transportation service.

6. In the Authorization Order, the Commission granted CP2 LNG authorization, pursuant to section 3 of the Natural Gas Act, 15 U.S.C. § 717b, to site, construct, and operate the CP2 LNG Project, and issued CP Express a certificate of public convenience and necessity, pursuant to section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c), to construct and operate the CP Express Project.

7. In the Rehearing Denial Notice, the Commission provided notice that Petitioners' application for rehearing could be deemed denied by operation of law because the Commission had not acted on that application within 30 days from the

3

date it was filed while stating that the request will be addressed in a future order. *See* 15 U.S.C. § 717r(a); *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

8. CP2 LNG and CP Express were the applicants in the underlying FERC proceedings and actively participated in those proceedings and will construct, own, and operate the Projects.

9. Petitioners seek to block development of the Projects, arguing (among other things) that the Projects are not required by the public convenience and necessity and would harm the environment.

10. CP2 LNG and CP Express have a direct and material interest in these review proceedings. The Authorization Order authorizes the development of the Projects, with respect to which CP2 LNG and CP Express have committed billions of dollars. CP2 LNG and CP Express will be adversely affected if the Authorization Order is reversed or modified. No other party can be expected to adequately represent CP2 LNG's and CP Express's interests before this Court.

CP2 LNG and CP Express therefore request that this Court grant their motion for leave to intervene in support of the Commission in the above-captioned consolidated proceedings and any proceedings later consolidated. *See* D.C. Cir. R. 15(b).

Dated: September 16, 2024

Sandra Y. Snyder
  Associate General Counsel
VENTURE GLOBAL LNG, INC.
1001 19th Street North, Suite 1500
Arlington, VA 22209
(202) 920-0919
ssnyder@venturegloballng.com

Ammaar Joya
  Assistant General Counsel
VENTURE GLOBAL LNG, INC.
1401 McKinney Street, Suite 2600
Houston, TX 77010
(832) 924-9908
ajoya@venturegloballng.com

Respectfully submitted,

  /s/ *Gregory G. Garre*
Gregory G. Garre
J. Patrick Nevins
Eric J. Konopka
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2207
gregory.garre@lw.com

*Counsel for Venture Global CP2 LNG, LLC and Venture Global CP Express, LLC*

**APPENDIX A**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TRAVIS DARDAR et al., <br><br> Petitioners, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent. | Case No. 24-1291 |
| LOUISIANA BUCKET BRIGADE et al., <br><br> Petitioners, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent. | Case No. 24-1292 |

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 15(c)(6) and 26.1, Venture Global CP2 LNG, LLC ("CP2 LNG") and Venture Global CP Express, LLC ("CP Express") disclose as follows:

CP2 LNG and CP Express are primarily engaged in the business of developing and constructing a liquefied natural gas export terminal in Cameron Parish,

Louisiana, and associated pipeline facilities. CP2 LNG and CP Express are both wholly owned by Venture Global CP2 LNG Holding, LLC.

Venture Global CP2 LNG Holding, LLC is wholly owned by Venture Global LNG, Inc., which is wholly owned by Venture Global, Inc. Venture Global Partners II, LLC, a private company that is 50% owned and controlled by each of Robert B. Pender and Michael A. Sabel, owns approximately 84% of Venture Global, Inc. Funds managed or controlled by Pacific Investment Management Company, LLC ("PIMCO") collectively own approximately 15.1% of Venture Global, Inc., but no publicly traded fund owns more than 10% of Venture Global, Inc., and PIMCO has no power to direct the management or policies of Venture Global, Inc.

| | |
|---|---|
| Dated:  September 16, 2024 | Respectfully submitted, |
| |   /s/ *Gregory G. Garre* |
| Sandra Y. Snyder | Gregory G. Garre |
|   Associate General Counsel | J. Patrick Nevins |
| VENTURE GLOBAL LNG, INC. | Eric J. Konopka |
| 1001 19th Street North, Suite 1500 | LATHAM & WATKINS LLP |
| Arlington, VA 22209 | 555 Eleventh Street, NW, Suite 1000 |
| (202) 920-0919 | Washington, DC 20004 |
| ssnyder@venturegloballng.com | (202) 637-2207 |
| | gregory.garre@lw.com |
| Ammaar Joya | |
|   Assistant General Counsel | |
| VENTURE GLOBAL LNG, INC. | |
| 1401 McKinney Street, Suite 2600 | |
| Houston, TX 77010 | |
| (832) 924-9908 | |
| ajoya@venturegloballng.com | |

*Counsel for Venture Global CP2 LNG, LLC and Venture Global CP Express, LLC*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 720 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).  I further certify that the foregoing document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 and 14-point Times New Roman font.

   /s/ *Gregory G. Garre*
   Gregory G. Garre

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I caused the foregoing document to be filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Counsel for Petitioners are registered CM/ECF users, and Petitioners will be served by the CM/ECF system.

I further certify that on September 16, 2024, I caused copies of the foregoing document to be served by Federal Express upon the Acting Secretary and the Solicitor of Respondent Federal Energy Regulatory Commission:

Debbie-Anne A. Reese
  Acting Secretary
Federal Energy Regulatory
  Commission
888 First Street, NE
Washington, DC 20426

Robert H. Solomon
  Solicitor
Federal Energy Regulatory
  Commission
888 First Street, NE
Washington, DC 20426

Respectfully submitted,

  /s/ *Gregory G. Garre*
Gregory G. Garre