ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                          )
Travis Dardar, *et al.*,                  )
    *Petitioners*,               )
                                          )
    v.                           )    Nos. 24-1291(L), 24-1292
                                          )    (consolidated)
Federal Energy Regulatory                 )
Commission,                               )
    *Respondent*.                )
_____)

## PETITIONERS' JOINT MOTION TO ESTABLISH A
## BRIEFING SCHEDULE AND FORMAT

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Circuit Rule 27, Joint Petitioners[1] in the above-captioned consolidated cases hereby move to establish the following proposal for a briefing schedule and format.

### I.  Proposed Briefing Schedule

Petitioners have conferred and jointly propose the following format and schedule for merits briefing. Counsel for Respondent Federal Energy Regulatory Commission ("Commission") and Movant-Intervenors Venture Global CP2 LNG,

---

[1] Petitioners in No. 24-1291 are Travis Dardar, Nicole Dardar, Kent Duhon, Mary Alice Nash, Jerryd Tassin, Anthony Theriot, For a Better Bayou, Fishermen Involved in Sustaining Our Heritage, and Natural Resources Defense Council. Petitioners in No. 24-1292 are Louisiana Bucket Brigade, Healthy Gulf, Sierra Club, Texas Campaign for the Environment, and Turtle Island Restoration Network.

1

LLC and Venture Global CP Express, LLC have stated they will oppose this motion. This table summarizes that proposal and Petitioners' proposal for an expanded word count for briefing:

| Document | Due Date | Word Count |
|---|---|---|
| Index to Record | October 21, 2024 (Per this Cout's September 6, 2024, Order) | |
| Petitioners' Joint Opening Brief | November 22, 2024 (or 30 days after the index to record is lodged, shorter than the period provided by Fed. R. App. P. 31(a)(1)). | 20,000 words |
| Amici for Petitioners' Brief (if any) | December 6, 2024 (or 14 days after the deadline for Petitioners' opening brief) | 10,000 words (per Fed. R. App. P. 29 and D.C. Cir. R. 29) |
| Respondents' Brief | December 23, 2024 (or 30 days after the deadline for Petitioners' opening brief) | 20,000 words |
| Respondent-Intervenors' Brief | December 30, 2024 (or 7 days after the deadline Respondent's brief) | 14,014 (i.e., an increase beyond the 9,100 word default that is proportional to the increase in Petitioners' word count, or by 54%). |
| Amici for Respondent Briefs (if any) | January 6, 2025 (or 14 days after the deadline for Respondent's response brief) | 10,000 words (per Fed. R. App. P. 29 and D.C. Cir. R. 29) |
| Petitioners' Joint Reply Brief | January 13, 2025 (or 21 days after Respondent's brief) | 10,000 words (i.e., half the opening brief) |
| Joint Deferred Appendix | January 20, 2025 (or 7 days after the deadline | |

|  | for Petitioners' Joint Reply Brief). To facilitate timely preparation of this appendix, parties will exchange designations with each other on a rolling basis, after filing of each brief. |  |
|---|---|---|
| Final Briefs | January 27, 2025 (or 7 days after the deadline for the Joint Appendix) |  |

I. **Justification for Proposed Briefing Format**

   A. **Petitioners' Joint Opening Brief**

Petitioners in these consolidated matters challenge orders issued by Respondent Commission authorizing the construction and operation of the CP2 liquefied natural gas ("LNG") export terminal and CP Express Pipeline (the "Project"): Order Granting Authorizations Under Section 3 and 7 of the Natural Gas Act, *Venture Global CP2 LNG, LLC*, Nos. CP22-21-000 & CP22-22-000, 187 FERC ¶ 61,199 (June 27, 2024); Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, *Venture Global CP2 LNG, LLC*, Nos. CP22-21-000 & CP22-22-000, 188 FERC ¶ 62,109 (August 29, 2024).

The interests that the various Petitioners seek to protect, the errors they allege, and the facts underlying those alleged errors are numerous and distinct. To avoid duplication of overlapping facts and issues, counsel for Petitioners have coordinated and propose to file a joint brief. Due to the number and complexity of

3

factual and legal issues underlying the separate petitions for review, however, Petitioners respectfully request that the Court allow Petitioners to submit their joint opening brief with a maximum of **20,000** words, which Petitioners respectfully submit represents a just and efficient allocation of space to support their arguments challenging these Orders. While this word count exceeds this Circuit's word limit, the requested word count is fewer words than if the final Commission orders were briefed and heard separately by the Court. Further, Petitioners believe that 20,000 words is required due to the significant underlying record in this case, for the more thorough legal and factual presentation necessary for the merits panel, and to adequately represent the various interests that Petitioners seek to protect, including but not limited to commercial fishing, environmental, and landowner interests. To adequately brief the numerous and complex issues, Petitioners' request for rehearing in this matter amounted to over 71,000 words. To adequately brief the complex claims in this litigation, Petitioners anticipate allocating the 20,000 words as follows:

    1.    Petitioners estimate that the Jurisdictional Statement, Statement of Issues, Statement of the Case, Standing, and Summary of the Argument will require **4,000** words.[2]

---

[2] This is an overly conservative estimate, given that there are seven petitioners in this case.

2. Petitioners also intend to address whether the Commission violated the Natural Gas Act ("NGA") Section 7 and the Administrative Procedure Act ("APA") and acted otherwise contrary to law in approving the CP2 Express Pipeline's certificate of public convenience and necessity by, *inter alia*, (1) erroneously determining market need for the project (2) failing to articulate any public benefits of the project, and (3) failing to weigh the alleged benefits with the adverse impacts. We estimate that, in order to fully address the issues surrounding the Commission's determination, Petitioners will require **5,000** words.

3. Petitioners in case 24-1291 intend to address whether the Commission violated the NGA and APA and acted otherwise contrary to law by approving CP Express, an export-only pipeline, under NGA Section 7 rather than NGA Section 3, where this project is transporting gas in foreign commerce, and Section 7 is reserved only for interstate pipeline facilities. Petitioners estimate this will require **3,000 words.**

4. Petitioners estimate that they will require at least **3,000** words to address whether the Commission's public interest finding for CP2 LNG under NGA Section 3 was arbitrary, capricious, and not the product of reasoned decision-making because it failed to articulate or identify a coherent standard for balancing the adverse impacts and public benefits of the LNG facility.

5.  Petitioners intend to address whether the Commission violated the National Environmental Policy Act ("NEPA"), the APA, and the NGA by failing to adequately evaluate the Project's environmental impacts in its Final Environmental Impact Statement and thereby failing to consider the adverse environmental effects of the Project. Among the issues Petitioners intend to address are: (1) the Commission's refusal to determine whether greenhouse gas emissions are "significant," (2) the Commission's failure to take a hard look at cumulative air impacts (3) the Commission's failure to take a hard look at carbon capture and sequestration, including Venture Global's actual proposal and potentially more protective alternatives. Petitioners estimate that, due to the various and compounding issues surrounding the errors made by the Commission in its NEPA analysis, discussion of these issues will require **5,000** words.

### B. Joint Reply Brief

Petitioners respectfully request that they be allotted **10,000** words for their Joint Reply Brief, representing half the total number of words requested for their Joint Opening Brief, in conformance with Rule 32(a)(7)(B)(ii).

## II. Conclusion

For the foregoing reasons, Petitioners respectfully request that the Court adopt the full briefing schedule and format set forth above.

DATED: October 7, 2024     Respectfully submitted,

 <u>/s/ *Megan C. Gibson*</u>
Megan C. Gibson
Southern Environmental Law Center
122 C Street NW, Suite 325
Washington, DC 20001
Telephone: (202) 828-8382
Email: mgibson@selcdc.org

Spencer Gall
Deirdre Dlugoleski
Southern Environmental Law Center
120 Garrett Street, Suite 400
Charlottesville, Virginia 22902
Telephone: (434) 977-4090
Email: sgall@selcva.org

*Counsel for Travis Dardar, Nicole Dardar, Kent Duhon, Mary Alice Nash, Jerryd Tassin, Anthony Theriot, For a Better Bayou, and Fishermen Involved in Sustaining Our Heritage*

<u>/s/ *Caroline Reiser*</u>
Caroline Reiser
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington DC, 20005
Telephone: (202) 717-8341
Email: creiser@nrdc.org

Thomas Zimpleman
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington DC, 20005
Telephone: (202) 513-6244

Email: tzimpleman@nrdc.org

Morgan Johnson
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington DC, 20005
Telephone: (202) 289-2399
Email: majohnson@nrdc.org

*Counsel for Natural Resources Defense Council*

*/s/ Nathan Matthews*
Nathan Matthews
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5695
nathan.matthews@sierraclub.org

*/s/ Rebecca McCreary*
Rebecca McCreary
Sierra Club
1650 38th Street, Suite 103W
Boulder, CO 80301
(305) 449-5595 ext. 103
rebecca.mccreary@sierraclub.org

*Counsel for Louisiana Bucket Brigade, Healthy Gulf, Sierra Club, Texas Campaign for the Environment, and Turtle Island Restoration Network*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,167 words. I further certify, pursuant to Fed. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in Times New Roman 14-point using Microsoft Office 365.

*/s/ Megan C. Gibson*
Megan C. Gibson

## CERTIFICATE OF SERVICE

I, Megan C. Gibson, hereby certify that on October 7, 2024 the foregoing documents were served on all counsel of record in case numbers 24-1291 and 24-1292 through the electronic filing system (CM/ECF) of the U.S. Court of Appeals for the District of Columbia Circuit.

*/s/ Megan C. Gibson*
Megan C. Gibson