# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-1291**                        **September Term, 2024**

FERC-CP22-21-000
FERC-CP22-22-000

Filed On: November 8, 2024

Travis Dardar, et al.,

        Petitioners

    v.

Federal Energy Regulatory Commission,

        Respondent

------------------------------

Venture Global CP Express, LLC and Venture Global CP2 LNG, LLC,
        Intervenors

------------------------------

Consolidated with 24-1292

       **BEFORE:**     Henderson, Pillard, and Walker, Circuit Judges

## O R D E R

       Upon consideration of the motion for a stay pending judicial review, the responses thereto, and the reply; the motion to hold the case in abeyance, the response thereto, and the reply; and the motion to establish a briefing schedule, the responses thereto, and the reply; it is

       **ORDERED** that the motion for stay be denied. Petitioners have not satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021). It is

       **FURTHER ORDERED** that the motion to hold in abeyance be denied. It is

**FURTHER ORDERED** that the following briefing format and schedule will apply in this case:

| | |
|---|---|
| Certified Index to the Record | December 2, 2024 |
| Petitioners' Joint Brief (not to exceed 15,000 words) | January 13, 2025 |
| Respondent's Brief (not to exceed 15,000 words) | February 12, 2025 |
| Brief of Respondent-Intervenors (not to exceed 9,100 words) | February 19, 2025 |
| Petitioners' Reply Brief (not to exceed 7,500 words) | March 12, 2025 |
| Joint Deferred Appendix | March 19, 2025 |
| Final Briefs | April 2, 2025 |

The Clerk is directed to calendar this case for oral argument on the first appropriate date following the conclusion of briefing. The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

      To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. <u>See</u> Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. <u>See</u> D.C. Cir. Rule 28(a)(8).

**Per Curiam**

      **FOR THE COURT:**
      Mark J. Langer, Clerk

BY:  /s/
      Selena R. Gancasz
      Deputy Clerk